UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ROGER ("IAN") CUNNINGAM,                             Case No. 3:14-cv-00242-MMD-WGC

                                    Plaintiff,                    ORDER

        v.                                                   (Pl.'s Motion to Compel Arbitration
                                                                – dkt. no. 1)
GREAT BASIN INSTITUTE AMERICORPS
PROGRAM,

                                    Defendant.

I.      **SUMMARY**

        Before the Court is Plaintiff Roger ("Ian") Cunningham's Motion to Compel
Arbitration ("Motion") (dkt. no. 1). The Court has reviewed Defendant Great Basin
Institute's opposition (dkt. no. 2), and Plaintiff's reply (dkt. no. 6). The Court ordered both
parties to submit supplemental briefs to address the Court's subject matter jurisdiction
over this action. (Dkt. no. 7.) After considering the supplemental briefs (dkt. nos. 8, 9),
the Court finds that it lacks subject matter jurisdiction. The Motion is therefore denied.

II.     **BACKGROUND**

        Plaintiff, an Illinois resident, seeks to compel Defendant, his former employer, to
arbitrate a dispute over his termination from Defendant's AmeriCorps Program (the
"Program"). Defendant is a Nevada non-profit corporation that partners with
governmental agencies to staff its projects, which include environmental "restoration and
monitoring initiatives throughout Nevada." (Dkt. no. 9 at 3.) Beginning in May 2012,
Plaintiff served as an Invasive Plant Survey Mapping and Treatment Technician for the

1   Program in Nevada. (Dkt. no. 1 at 2.) Plaintiff was terminated from the Program for

2   alleged misconduct in July 2012. (*Id.*)

3       Plaintiff's participation in the Program was governed by Defendant's AmeriCorps

4   Member Service Contract ("Service Contract"). Among other provisions, the Service

5   Contract outlines a grievance procedure that "provide[s] a formal, standardized means

6   for AmeriCorps members to seek redress concerning actions of staff of the service site

7   and/or employees of the Great Basin Institute." (*Id.* at 16.) The grievance procedure

8   includes processes for informal and formal resolution of AmeriCorps members'

9   grievances. If informal resolution is unsuccessful, the Service Contract allows a member

10  to seek formal resolution through optional Alternative Dispute Resolution ("ADR"), a

11  grievance hearing, and binding arbitration. (*Id.* at 16-17.)

12      In July 2012, Plaintiff filed a grievance with Defendant regarding his termination

13  from the Program. (*Id.* at 2.) The parties participated in ADR and a grievance hearing

14  between August 2012 and April 2013. (*Id.*) After receiving an adverse decision from the

15  grievance hearing in April 2013, Plaintiff sought binding arbitration. The parties dispute

16  whether Plaintiff's request for arbitration complies with the Service Contract's formal

17  resolution process and with the procedure to compel arbitration described in the Federal

18  Arbitration Act ("FAA"), 9 U.S.C. § 4.

19  **III.   LEGAL STANDARD**

20      The FAA provides that a party may petition for an order to compel arbitration

21  pursuant to a written arbitration agreement in "any United States district court which,

22  save for such agreement, would have jurisdiction under Title 28[] in a civil action . . . of

23  the subject matter of a suit arising out of the controversy between the parties." 9 U.S.C.

24  § 4. The FAA "bestow[s] no federal jurisdiction but rather requir[es] an independent

25  jurisdictional basis." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581-82 (2008).

26      Federal courts are courts of limited jurisdiction, having subject matter jurisdiction

27  only over matters authorized by the Constitution and Congress.  U.S. Const. art. III, § 2,

28  cl. 1; *e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The

"presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In the arbitration context, federal courts "may 'look through' a [petition to compel arbitration under the FAA] to determine whether it is predicated on an action that 'arises under' federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009).

Additionally, diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) — where opposing parties have complete diversity of citizenship and the amount in controversy exceeds $75,000 — constitutes an independent basis for federal jurisdiction of a petition to compel arbitration. To determine whether an action meets the requisite amount in controversy, courts apply a "legal certainty standard . . . when a party files a petition in federal court to compel arbitration." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010). Under the legal certainty standard, "a federal court has subject matter jurisdiction unless upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount." *Id.* at 1106 (citation and internal quotation marks omitted).

## IV.   DISCUSSION

The Court finds that no independent basis for federal jurisdiction exists. First, the underlying controversy does not appear to arise from federal law. In his supplemental brief, Plaintiff notes that his involvement in the Program does not render him a federal employee or necessarily subject him to federal employment laws. (Dkt. no. 8 at 2); *see* 42 U.S.C. § 12655n(b)(1) ("[A] participant . . . in a program that receives assistance under this division shall not be considered a Federal employee and shall not be subject to the provisions of law relating to Federal employment."). Plaintiff also points out that certain federal employment laws may cover AmeriCorps participants, including compensation for work injuries, 42 U.S.C. § 12655n(b)(2), and the Family and Medical Leave Act, 42 U.S.C. § 12631. But Plaintiff does not claim that his dispute with

1   Defendant involves these or any other federal laws, and the controversy suggested in
2   Plaintiff's Motion does not appear to involve these laws; rather, Plaintiff seems to argue
3   that Defendants violated the Service Contract by failing to follow its discipline procedure
4   prior to his termination. (*See* dkt. no. 1 at 23-24.) Because the underlying controversy
5   thus appears to involve a breach of contract issue, it is not clear that the Motion is based
6   on an action that arises under federal law.

7        Plaintiff instead asserts that the Service Contract gives rise to federal jurisdiction
8   because it states that "[a] lawsuit to enforce arbitration awards may be brought in any
9   Federal District Court having jurisdiction over the parties without regard to the amount in
10  controversy or citizenship." (*Id.* at 17.) The Court disagrees. First, Plaintiff overlooks the
11  rule that a party may not use a contract to waive the absence of subject matter
12  jurisdiction. *See Stock W., Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d
13  1221, 1228 (9th Cir. 1989). Second, this clause applies to actions to enforce arbitration
14  awards, not actions to compel arbitration. Because the underlying dispute involves
15  Plaintiff's termination — as opposed to the enforcement of an arbitration award — the
16  Court is not persuaded that this clause acts as an independent basis for federal subject
17  matter jurisdiction over this action.

18       Finally, although both parties assert that complete diversity exists, the amount in
19  controversy does not appear to exceed $75,000. (*See* dkt. no. 8 at 2-3; dkt. no. 9 at 3.)
20  Plaintiff's grievance suggests that the damages at issue include lost earnings, which,
21  according to the Service Contract, would total $11,320.40 at most. (*See* dkt. no. 1 at 8.)
22  Although the grievance also mentions lost educational credit hours, effects on future
23  employability, and psychological distress (*see id.* at 24), neither Plaintiff's Motion nor his
24  supplemental brief claims that the amount in controversy exceeds $75,000. Indeed,
25  Plaintiff's supplemental brief seems to acknowledge that the amount in controversy is
26  below the jurisdictional threshold — Plaintiff argues that Defendant "has specifically
27  waived [the $75,000] requirement" through the clause in the Service Contract discussed
28  ///

4

above. (*See* dkt. no. 8 at 3.) It is obvious that the amount in controversy is not satisfied here. The Court therefore finds that it lacks subject matter jurisdiction.

## V.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motions.

It is ordered that Plaintiff's Motion to Compel Arbitration (dkt. no. 1) is denied.

DATED THIS 2nd day of January 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE